IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANDRE DEON JONES, #240139, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:12-CV-720-WKW |
| | ) [WO] |
| | ) |
| GARY HETZEL, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is pending before the court on a 42 U.S.C. § 1983 complaint filed by Andre Deon Jones ["Jones"], an indigent state inmate, on August 20, 2012. In this complaint, Jones challenges actions/conditions to which he was subjected at the Easterling Correctional Facility.

Pursuant to the orders of this court, the defendants filed a written report supported by relevant evidentiary materials in which they addressed the claims for relief presented by Jones. The report and evidentiary materials refute the self-serving, conclusory allegations presented by Jones in the complaint. Specifically, these documents demonstrate that the defendants did not act with deliberate indifference towards the plaintiff's safety, provided him access to legal materials, delivered his legal mail to him and properly suspended certain privileges for disciplinary reasons. In addition, the record indicates the defendants did not subject Jones to conditions which involved the wanton and unnecessary infliction of pain.

In light of the foregoing, the court issued an order directing Jones to file a response to the defendants' written report. *Order of October 31, 2012 - Doc. No. 23*. The order advised Jones that his failure to respond to the report would be treated by the court "**as an abandonment of the claims**

**set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original).  Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action.  *Id*.  The time allotted Jones for filing a response in compliance with the directives of this order expired on November 19, 2012.  As of the present date, Jones has failed to file a requisite response in opposition to the defendants' written report.  The court therefore concludes this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate.  After such review, it is clear dismissal of this case is the proper course of action.  Jones is an indigent individual.  Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual.  Additionally, Jones' actions indicate a loss of interest in the continued prosecution of this case and the report filed by the defendants indicates that no violation of the Constitution occurred.  Finally, Jones has exhibited a lack of deference for this court and its authority as he has failed to comply with the directives of the orders entered in this case.  It is therefore apparent that any additional effort by this court to secure his compliance would be unavailing.  Consequently, the court concludes that the plaintiff's abandonment of his claims, his failure to comply with the orders of this court and the lack of merit to his claims warrant dismissal.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice.  It is further

ORDERED that **on or before January 2, 2013**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general

objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of December, 2012.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE